## RECORD NO. 16-1434

In The

# United States Court Of Appeals
## For The Fourth Circuit

**MADISON OSLIN, INC.; MADISON OSLIN RESEARCH, INC.,**

*Plaintiffs – Appellants,*

**v.**

**INTERSTATE RESOURCES, INC.; INTERSTATE CORRPACK, LLC; JAMES MORGAN; JOHN CRISTOS,**

*Defendants – Appellees,*

**and**

**AMERICAN INKS AND COATINGS COMPANY, INC.; PROGRESSIVE COATINGS, INC.; MOSLEY HOLDINGS, INC.; JERRY L. MOSLEY,**

*Defendants.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND AT BALTIMORE

_____

## BRIEF OF APPELLANTS
_____

**Rodney E. Miller**
**James M. Terrell**
**Perry M. Yancey**
**McCallum Methvin & Terrill, PC**
**2201 Arlington Avenue South**
**Birmingham, AL 35205**
**(205) 939-0199**

*Counsel for Appellants*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. 16-1434 _____   Caption: Madison Oslin, Inc., et al. v. Interstates Resources, Inc., et al. _____

Pursuant to FRAP 26.1 and Local Rule 26.1,

Madison Oslin, Inc. _____
(name of party/amicus)

_____

who is _____ Appellant _____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.   Is party/amicus a publicly held corporation or other publicly held entity?   ☐ YES ☑ NO

2.   Does party/amicus have any parent corporations?                              ☐ YES ☑ NO
     If yes, identify all parent corporations, including all generations of parent corporations:

3.   Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or
     other publicly held entity?                                                  ☐ YES ☑ NO
     If yes, identify all such owners:

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?  ☐ YES ☑ NO
    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question)  ☐ YES ☑ NO
    If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?  ☐ YES ☑ NO
    If yes, identify any trustee and the members of any creditors' committee:

Signature: _____          Date: _____ 05/02/2016 _____

Counsel for: Appellant, Madison Oslin, Inc._____

## CERTIFICATE OF SERVICE
****************************

I certify that on _____ 05/02/2016 _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

_____          _____ 05/02/2016 _____
        (signature)                              (date)

- 2 -

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. 16-1434    Caption: Madison Oslin, Inc., et al. v. Interstates Resources, Inc., et al.

Pursuant to FRAP 26.1 and Local Rule 26.1,

Madison Oslin Research, Inc.
(name of party/amicus)

who is _____ Appellant _____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.    Is party/amicus a publicly held corporation or other publicly held entity?    ☐ YES ☑ NO

2.    Does party/amicus have any parent corporations?    ☐ YES ☑ NO
      If yes, identify all parent corporations, including all generations of parent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or
      other publicly held entity?    ☐ YES ☑ NO
      If yes, identify all such owners:

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?    ☐YES ☑NO
If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question)    ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding?    ☐YES ☑NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: _____    Date: _____05/02/2016_____

Counsel for: Appellant, Madison Oslin Research

## CERTIFICATE OF SERVICE
****************************

I certify that on _____05/02/2016_____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

_____
(signature)

_____05/02/2016_____
(date)

- 2 -

**TABLE OF CONTENTS**

**Page:**

TABLE OF AUTHORITIES ................................................................................. iii

I.    STATEMENT OF SUBJECT MATTER AND
      APPELLATE JURISDICTION ........................................................ 1

II.   STATEMENT OF THE ISSUES ..................................................... 2

III.  STATEMENT OF THE CASE ......................................................... 2

      A.    Procedural History ............................................................ 2

            1.    History of Underlying Action on the Merits .............. 2

            2.    History of Present Appeal Regarding Taxation of Costs ........... 3

      B.    Rulings for Review ........................................................... 5

      C.    Narrative Statement of Facts .............................................. 5

IV.   SUMMARY OF THE ARGUMENT ............................................... 7

V.    ARGUMENT ................................................................................. 8

      Standard of Review ..................................................................... 8

      Discussion of the Issues ............................................................. 9

      A.    The District Court erred by taxing costs for electronically stored
            information because Defendants did not satisfy their burden to
            show that their costs for broadly "processing" electronically
            stored information fell within the "limited allowance" of §
            1920(4). ............................................................................. 9

            1.    The District Court erred in its reliance on *CBT*, a decision
                  distinguishing itself from the Fourth Circuit, and *dicta*
                  from *Country Vintner* ................................................. 11

2.   This Court in *Country Vintner* affirmed the established principle that a prevailing party must show its costs are permitted by § 1920(4)...............................................................14

B.   The Defendants are not entitled to costs for ESI-related expenses because both parties agreed to bear their own production costs for ESI. ...................................................16

VI.   CONCLUSION..................................................................................18

ADDENDUM

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*Bosley v. Mineral Cnty. Comm'n.*,
    650 F.3d 408 (4th Cir. 2011) .........................................................................9

*Camesi v. Univ. of Pittsburgh Med. Ctr.*,
    No. 15–1865, 2016 WL 1085507 (3d Cir. March 18, 2016)........................13

*CBT Flint Partners, LLC v. Return Path, Inc.*,
    737 F.3d 1320 (Fed. Cir. 2013) ............................................................*passim*

*Country Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc.*,
    718 F.3d 249 (4th Cir. 2013) ................................................................*passim*

*Country Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc.*,
    No. 5:09–cv–326–BR, 2012 WL 3202677 (E.D.N.C. Aug. 3, 2012) ...........15

*Ford v. Zalco Realty, Inc.*,
    708 F. Supp. 2d 558 (E.D. Va. 2010) .........................................................10

*In re Paoli R.R. Yard PCB Litig.*,
    221 F.3d 449 (3d Cir. 2000) .........................................................................9

*Oppenheimer Fund, Inc. v. Sanders*,
    437 U.S. 340 (1978)..........................................................................9, 17, 18

*Prometheus Labs., Inc. v. Roxane Laboratories, Inc.*,
    Nos. 11-230 (KM), 11-1241 (KM), 2016 WL 1559144
    (D.N.J. April 18, 2016).................................................................. 11-12, 13

*Race Tires America, Inc. v. Hoosier Racing Tire Corp.*,
    674 F.3d 158 (3d Cir. 2012) .................................................................*passim*

*RG Steel Sparrows Point, LLC v. Kinder Morgan Bulk Terminals, Inc.*,
    No. WMN-09-1668, 2016 WL 1377405 (D. Md. April 7, 2016) ..........*passim*

*U.S. ex rel. Davis v. U.S. Training Ctr., Inc.*,
    829 F. Supp. 2d 329 (E.D. Va. Dec. 8, 2011)................................................17

*Williams v. Metro. Life Ins. Co.*,
    609 F.3d 622 (4th Cir. 2010) ..........................................................................8

**Statutes:**

18 U.S.C. § 1905 ("Trade Secrets Act")....................................................2

28 U.S.C. § 1291 (2014) ............................................................................2

28 U.S.C. § 1920 (2014) .........................................................................8, 9

28 U.S.C. § 1920(4) (2014) ...........................................................*passim*

**Rules:**

FED. R. CIV. P. 26 ................................................................................17, 18

FED. R. CIV. P. 54 .......................................................................................1

FED. R. CIV. P. 54(d)(1)..............................................................................8

District of Maryland Local Rule 103.4 ...................................................18

**Other Authorities:**

Merriam–Webster Dictionary, *available at* http://www.merriam-
webster.com/dictionary/metadata (last visited April 9, 2013)...................11

## I.    STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The underlying action to this appeal is pending in the United States District Court for the District of Maryland. Another appeal from the same underlying action is also pending before this Court. *See Madison Oslin, Inc. v. Interstate Resources, Inc.*, Case No. 15-1359 (4th Cir.).

Appellants, Madison Oslin, Inc. and Madison Oslin Research, Inc. (collectively "Madison Oslin" or "Plaintiffs") are Alabama corporations with a principal place of business in Jefferson County, Alabama. (JA p. 27). Defendant Interstate Resources, Inc., is a Virginia corporation with its principal place of business in Arlington, Virginia. (*Id.*). Defendant Interstate Corrpack, LLC is a Maryland corporation with its principal place of business in Cambridge, Maryland.[1] (JA pp. 27, 56). Defendants James ("Jim") Morgan and John Cristos are resident citizens of Virginia. (JA p. 27).

Pursuant to FED. R. CIV. P. 54, the United States District Court for the District of Maryland denied Plaintiffs' Motion for Review of the Clerk's Order Taxing Costs and required Plaintiffs to post security in the amount of $33,027.40 by March 25, 2016. (JA pp. 329-35). Plaintiffs filed a Motion for Extension of Time (JA pp. 336-37), and through revision, the district court extended the time by

---

[1] Interstate Corrpack, LLC was named in the Complaint incorrectly as Interstate Cambridge Container LLC.

1

two weeks, requiring Plaintiffs deposit the amount of $33,027.40 by April 8, 2016. (JA p. 343). The district court's final judgment order was entered on March 18, 2016 (JA p. 335) and revised on April 1, 2016. (JA pp. 23-24, 343). On April 15, 2016, Plaintiffs timely filed a Notice of Appeal for both the original and revised orders. (JA pp. 352-54). This Court has jurisdiction to decide this appeal pursuant to 28 U.S.C. § 1291 (2014).

## II.     STATEMENT OF THE ISSUES

    A.    Whether Defendants failed to satisfy their burden of showing that the costs they seek for expenses related to the production of electronically stored information are taxable under 28 U.S.C. § 1920(4) (2014).

    B.    Whether Defendants, pursuant to the Joint Agreement as to Handling of Electronically Stored Information, are permitted to seek costs for the production of electronically stored information when each party agreed to bear its own costs for production.

## III.     STATEMENT OF THE CASE

### A.     Procedural History

#### 1.     History of Underlying Action on the Merits

The underlying action arises from Plaintiffs' suit claiming that the Defendants breached a joint venture agreement and misappropriated their process for creating a wax-alternative, recyclable corrugated box.

After four (4) years of discovery, the Defendants filed motions for summary judgment as to the breach of contract claims and the Trade Secrets Act claims. On March 25, 2015, after full briefing and oral argument, the United States District

2

Court for the District of Maryland granted summary judgment in favor of Defendants by dismissing all claims and incorporating any and all prior rulings disposing of any claims against any parties. (JA pp. 55-72). On April 6, 2015, Plaintiffs timely appealed the District of Maryland's order, and that appeal is currently pending in this Court. *See Madison Oslin, Inc. v. Interstate Resources, Inc.*, Case No. 15-1359 (4th Cir.).

### 2.    History of Present Appeal Regarding Taxation of Costs

On April 8, 2015, Defendants filed a Bill of Costs seeking the following: (1) $350.00 for fees from the Clerk of the Court; (2) $13,029.10 for deposition transcript and video transmission fees; (3) $372.60 for witness fees; (4) $464.15 for photocopying costs; and (5) $28,839.65 for "processing costs for converting its electronically stored information." (JA p. 84). Plaintiffs timely opposed this Bill of Costs and requested a stay of its consideration pending Plaintiffs' appeal on the summary judgment order. (JA pp. 125-31). Defendants submitted a reply (JA pp. 257-66) and the court denied Plaintiffs' Motion to Stay Consideration of Defendants' Bill of Costs on July 6, 2015. (JA pp. 269-70, 272). It noted that $8,384.95 of the total costs sought was not objected to by Plaintiffs (JA pp. 269-70), and ordered Plaintiffs to post a security bond in that amount. (JA p. 267). Plaintiffs complied with that order on July 10, 2015. (JA p. 21).

On January 15, 2016, the Clerk entered an Order Taxing Costs in favor of Defendants in the amount of $41,412.35. (JA pp. 303-09). Of that amount, the Clerk attributed $29,303.80 to Defendants' copying costs, $28,839.65 of which pertained to Defendants' production of electronically stored information ("ESI"). (JA pp. 308-09). Plaintiffs filed a Motion to Review the Clerk's Order Taxing Costs and requested that the court reduce the cost award by $33,027.40, which included the amount designated for ESI and other disputed amounts outlined in Plaintiffs' Opposition to Defendants' Bill of Costs. (JA pp. 310-16). The court denied Plaintiffs' motion and ordered Plaintiffs to post additional security in the amount of $33,027.40 by March 25, 2016. (JA pp. 329-35). Together with the $8,384.95 deposited on July 10, 2015, Plaintiffs were required to post a total security of $41,412.35. (JA p. 335).

Thereafter, Plaintiffs moved to extend the time of filing security (JA pp. 336-37), which the court extended to April 8, 2016. (JA p. 343). On April 15, 2016, Plaintiffs timely filed notice of this appeal from the District of Maryland's orders requiring Plaintiffs post security. (JA pp. 352-54). Plaintiffs also requested that this Court enter an order staying the execution of the cost award during the pendency of the related appeal. (JA pp. 348-51). That request was denied on April 15, 2016. (JA pp. 365-66).

**B.    Rulings for Review**

On March 18, 2016, the United States District Court for the District of Maryland denied Plaintiffs' Review of the Clerk's Order Taxing Costs and ordered Plaintiffs post security in the amount of $33,027.40.[2]  (JA p. 335).  Relying on the parties' Joint Agreement as to Handling of Electronically Stored Information ("Joint ESI Agreement"), the court found "the copying costs incurred for Defendants' production of electronically stored information were required for use in the case, were limited to allowable costs, and are reasonable."  (JA pp. 332-33).  On April 1, 2016, the District of Maryland entered a Revised Order to Post Security and extended the date of deposit to April 8, 2016.  (JA p. 343).

**C.    Narrative Statement of Facts**

Plaintiffs brought suit against Defendants under the Alabama Trade Secret Act and for breach of contract.  (JA pp. 37-49). The claims arose from the parties' dealings involving the manufacturing and sale of wax-alternative recyclable corrugated boxes.  A detailed statement of the underlying facts can be found in the pending appeal on the merits.  *See Madison Oslin, Inc. v. Interstate Resources, Inc.*, Case No. 15-1359 (4th Cir.).

During the course of the underlying litigation and to determine each party's responsibilities during the discovery process, the parties executed a Joint ESI

---

[2] The court ordered a total security of $41,412.35 but subtracted the $8,384.95 deposited by Plaintiffs on July 10, 2015.  (JA pp. 334 n.6, 335).

Agreement on May 2013. (JA pp. 237, 240-51). As outlined and agreed to in the Joint ESI Agreement, the parties limited their production of electronic discovery in various ways, including by time period, source, and format. (JA pp. 240-51). In addition, the parties agreed to each bear the costs of their own production:

> **l. Cost.** The parties agree that the cost of ESI production from the reasonably accessible sources identified herein is to be borne by the producing party, subject to the right of the producing party to seek relief based on burdensomeness or disproportionality.

(JA p. 244).

On March 25, 2015, the District of Maryland dismissed all claims (JA pp. 55-72), and Plaintiffs timely appealed. *See Madison Oslin, Inc. v. Interstate Resources, Inc.*, Case No. 15-1359 (4th Cir.).

Defendants submitted to the District of Maryland a Bill of Costs for the clerk's fees, deposition transcript and video transmission fees, witness fees, photocopy costs, and "processing costs for converting its electronically stored information." (JA p. 84). In total, Defendants sought $43,055.50. (*Id.*). Of this amount, $28,839.65 related to the processing fees for ESI. (JA pp. 83-84). Despite Plaintiffs' opposition and request for a stay (JA pp. 125-31), the court ordered Plaintiffs to post a security bond in the amount of $8,384.95, an amount the court found was not objected to by the Plaintiffs. (JA pp. 269-70, 272). Plaintiffs complied with that order on July 10, 2015. (JA p. 21).

On January 15, 2016, the Clerk entered an Order Taxing Costs in favor of Defendants in the amount of $41,412.35. (JA pp. 303-09). Of that amount, $28,839.65 pertained to Defendants' production of ESI. (JA p. 308-09). The court denied Plaintiffs' motion to reduce the costs by $33,027.40, which included the amount designated for ESI and other previously disputed amounts. (JA pp. 329-34). Together with the $8,384.95 deposited on July 10, 2015, Plaintiffs were required to post a total security of $41,412.35 by April 8, 2016. (JA p. 343). Plaintiffs moved to Stay Execution of Costs Pending Appeal (JA pp. 348-51), but the court denied their motion. (JA pp. 365-66). This appeal followed. (JA pp. 352-54).

## IV.    SUMMARY OF THE ARGUMENT

The district court erred by denying Plaintiffs' Motion for Review of the Clerk's Order Taxing Costs. To reach its conclusion, the district court cited to unpersuasive authority and failed to consider the ultimate question of whether Defendants satisfied their burden to show that their ESI-related costs were taxable under 28 U.S.C. § 1920(4) (2014). Rather than consider the requirements of § 1920(4), the district court simply focused on the parties' agreement to produce the ESI in a certain format. However, such an agreement does not alleviate the prevailing party's burden to show, in more than vague terminology, that it is seeking costs covered by § 1920(4).

7

The district court also erred by determining that the parties' Joint ESI Agreement required Plaintiffs to reimburse Defendants for their ESI-related costs. At the outset, the parties mutually agreed, in writing, to bear their own costs in producing ESI. The order requiring Plaintiffs to post security for all ESI-related costs should be reversed because, not only did Defendants fail to satisfy their burden to show the costs were taxable, but Defendants agreed to incur such costs at the outset.

## V.    ARGUMENT

### Standard of Review

"'Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs 'should be allowed to the prevailing party' unless a federal statute provides otherwise." *Country Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249, 254 (4th Cir. 2013) (quoting *Williams v. Metro. Life Ins. Co.*, 609 F.3d 622, 636 (4th Cir. 2010)). Those costs are limited to:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2014).

8

"'[W]here a district court's decision is based on a premise and interpretation of the applicable rule of law, [such as § 1920,] and the facts are established, we review that decision *de novo*." *Country Vintner*, 718 F.3d at 254 (quoting *Bosley v. Mineral Cnty. Comm'n.*, 650 F.3d 408, 411 (4th Cir. 2011)) (emphasis added). "Once statutory authority to tax costs has been established, however, the amount awarded is reviewed only for abuse of discretion." *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 167 (3d Cir. 2012) (quoting *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 458 (3d Cir. 2000)); *see also Country Vintner*, 718 F.3d at 254.

### Discussion of the Issues

A.     **The District Court erred by taxing costs for electronically stored information because Defendants did not satisfy their burden to show that their costs for broadly "processing" electronically stored information fell within the "limited allowance" of § 1920(4).**

The district court erred by taxing costs based on Defendants vague submission for "processing" of ESI.  (JA pp. 83-84, 115-16, 332-34).  "[T]he presumption is that the responding party must bear the expense of complying with discovery requests." *Country Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249, 261 (4th Cir. 2013) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978)).  Thus, "'[t]he burden is on the party seeking recovery of photocopying costs to demonstrate the reasons for *each* copying charge.'" *RG*

9

*Steel Sparrows Point, LLC v. Kinder Morgan Bulk Terminals, Inc.*, No. WMN-09-1668, 2016 WL 1377405, at *5 (D. Md. April 7, 2016) (emphasis added) (quoting *Ford v. Zalco Realty, Inc.*, 708 F. Supp. 2d 558, 563 (E.D. Va. 2010)); *see also Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 170 (3d Cir. 2012) ("The highly technical nature of the services simply does not exempt parties who seek to recover their electronic discovery costs under § 1920(4) from showing that the costs fall within the subsection's *limited allowance* for 'the costs of making copies . . . .'") (emphasis added)). To date, this Court has limited the recovery of copying costs to "converting electronic files to non-editable formats, and burning the files onto discs" based on the Third Circuit's holding in *Race Tires*. *Country Vintner*, 718 F.3d at 260. This is the majority approach. *See CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1335 (Fed. Cir. 2013) (O'Malley, J., concurring in part and dissenting in part) ("[S]ince the Third Circuit's decision in *Race Tires*, the majority of district courts have agreed with the Third and Fourth Circuits.").

In support of its Bill of Costs, Defendants submitted invoices for the following: "monthly culling," "monthly hosting," "monthly preculling," "monthly processing." (JA pp. 115-16). In a Memorandum in Support of their Bill of Costs, Defendants explained that they sought recovery only of the "processing" charges because, cleverly using the language of this Court, it was assumed such charges

10

were for "processing its electronically stored information and converting it into non-editable production formats."  (JA pp. 83-84).  Yet, the invoices do not discern and neither the district court nor the Defendants identified which costs could appropriately be attributed to copying.  Moreover, the invoices do not identify any charges for "metadata,"[3] but the district court awarded "costs for such production."  (JA p. 332).

1.    **The District Court erred in its reliance on *CBT*, a decision distinguishing itself from the Fourth Circuit, and on *dicta* from *Country Vintner*.**

In reaching its conclusion that the entire costs billed for ESI were "allowable" and "reasonable," the district court cited to only two cases, both of which warrant further discussion.  First, the district court's reliance on *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320 (Fed. Cir. 2013) was in error. The Federal Circuit in *CBT* explicitly noted that it was departing from the decisions of this Circuit and the Third Circuit. *Id*. at 1333 ("Our application of section 1920(4) apparently differs from two circuits in one way—regarding the stage-one costs of imaging source media and extracting documents in a way that preserves metadata."); *see also Prometheus Labs., Inc. v. Roxane Laboratories, Inc.*, Nos. 11-230 (KM), 11-1241 (KM), 2016 WL 1559144, at *11 (D.N.J. April

---

[3] As defined by this Court, "[m]etadata is simply 'data that provides information about other data.'"  *Country Vintner*, 718 F.3d at 252 n.4 (quoting Merriam–Webster Dictionary, *available at* http://www.merriam-webster.com/dictionary/metadata (last visited April 9, 2013)).

18, 2016) ("The Federal Circuit noted its divergence from the Third and Fourth Circuits when it taxed the costs of the initial stage of imaging source media and extracting documents in a way that preserves metadata, in addition to the costs taxed by its sister circuits."). In fact, in a case this Court found persuasive, *Race Tires*, the Third Circuit chastised the lower court for relying on *CBT*. 674 F.3d at 168-69. Thus, *CBT* is not persuasive in this Circuit.

Second, the district court, as well as Defendants, placed great emphasis on a footnote from *Country Vintner* which, in *dicta*, suggests, "without deciding," that the conversion of ESI could encompass the copying of metadata where a case required it. 718 F.3d at 260 n.19. (JA pp. 323-25, 332-33). The district court assumed that this was such a case because "the parties agreed to require the production of metadata in addition to simply reformatting the information into a non-editable format." (JA p. 332). However, just last month, the District of Maryland clarified that this *dicta* did not entitle the prevailing party to ESI-related costs simply because the parties agreed on a specific format. *See RG Steel*, 2016 WL 1377405, at *6-7.

In *RG Steel*, the prevailing party sought costs for, among other items, "1) data acquisition-forensic imaging fee, 2) data acquisition-image extraction . . . 4) consulting, 5) pre-processing, [and] 6) native file processing . . . ." 2016 WL

1377405 at *7.    Similar to Defendants[4] (JA pp. 324-25), the prevailing party

argued that these costs were "necessary and taxable" because, unlike in *Country*

*Vintner*, the parties had agreed on a discovery protocol.  *Id.* at *6–7.  The District

of Maryland disagreed and declined to tax any of the requested $71,133.48 ESI

expenses:

> The Court finds that *the parties' stipulation regarding the production of ESI cannot make ESI-related costs "necessary,"* in accordance with Section 1920(4), unless the costs are copying costs. While Plaintiff's Bill of Costs may contain ESI-related expenses that are taxable, the court is unable to readily discern whether any listed costs may appropriately be attributed to copying. As a result, Plaintiff has not met its burden of supporting its request for reimbursement with respect to any ESI-related costs, and therefore, the Court will decline to tax the requested $71,133.48 in ESI-related costs against Defendant.

*Id.* at *7 (emphasis added); *see also Prometheus Labs.*, 2016 WL 1559144 at *12

(comparing facts to *RG Steel* and finding that none of the charges for ESI were

taxable because "those which might appear to be taxable, e.g., 'begin imaging

documents,' and 'imaged,' are not separated out from other non-taxable services").

---

[4] Plaintiffs recognize that, unlike the prevailing party in *RG Steel* who argued that all ESI costs must be taxed, Defendants focus their request on the costs for "converting electronic files to non-editable formats and burning the files onto discs" (JA pp. 83-84), billed as "processing" costs by their vendor. (JA pp. 115-16).  However, this limitation does not entitle Defendants to recover costs without showing that the costs of "processing" are attributable to "copying."  *See, e.g.*, *Camesi v. Univ. of Pittsburgh Med. Ctr.*, No. 15–1865, 2016 WL 1085507, at *7 (3d Cir. March 18, 2016) (finding that prevailing party's request for "a little more than one-third" of the invoices paid to their vendor was "not dispositive of the taxable nature of these services" under *Race Tires*).

Thus, even assuming the Joint ESI Agreement permits taxing costs, it cannot substitute for Defendants obligation to clearly show which costs are taxable. Although Defendants only seek costs for "processing," both "pre-processing" and "native file processing" were terms included in the invoice submitted by the prevailing party in *RG Steel*. Yet, the Court was still "unable to readily discern whether *any* listed costs" were attributable to copying. *RG Steel*, 2016 WL 1377405 at \*7 (emphasis added); *see Race Tires*, 674 F.3d at 167 (finding that costs for "processing and indexing ESI" were not taxable); *see also Country Vintner*, 718 F.3d at 253-54 (declining to tax costs for "management of the processing of electronic data"). Here, the district court erred by relying on unpersuasive *dicta* to determine that the Joint ESI Agreement, by itself, permitted the recovery of the invoiced costs. Moreover, none of the invoices nor the Defendants' Memorandum in Support of their Bill of Costs (JA pp. 75-85, 115-24), speak to the "production of metadata" as contemplated by both the clerk and the district court in citing *Country Vintner*. (JA pp. 308-09, 332-33).

> **2.    This Court in *Country Vintner* affirmed the established principle that a prevailing party must show its costs are permitted by § 1920(4).**

Despite the district court's focus on a single footnote, the primary holding of *Country Vintner* is that the costs taxable under § 1920(4) are limited in scope. 718 F.3d at 262 (affirming district court's decision to tax "only the conversion of native

files to TIFF and PDF formats, and the transfer of files onto CDs"). Ultimately, the prevailing party in *Country Vintner* was awarded only $218.59 of the $111,047.75 sought in ESI-related costs. *Id.* at 252-54. Had the prevailing party submitted clearer invoices, its award might have been greater.[5] *See id.* at 254 (recognizing that the bill of costs might contain "other ESI-related expenses that [were] taxable" but "such costs were not 'readily discern[able] because '[defendant] ha[d] included various multi-task entries.'") (quoting *Country Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc.*, No. 5:09–cv–326–BR, 2012 WL 3202677, at *3 n.5 (E.D.N.C. Aug. 3, 2012)); *see also RG Steel*, 2016 WL 1377405 at *6-7 (citing the district court in *Country Vintner* for support to establish the burden required to show which costs relate to "copying").

Unlike Defendants, the prevailing party in *Country Vintner* apparently itemized its entries by date and process. It was only the entries for "TIFF production" and "CD copy" which were found taxable. Here, Defendants should not be permitted to superficially satisfy their burden to show taxable costs by simply asserting that they are only charging Plaintiffs for the costs permitted by

---

[5] The prevailing party sought costs in the following categories: (1) "flattening and indexing ESI," (2) "Searching/Review Set/Data Extraction," (3) "TIFF Production and PDF Production," (4) "Bates Numbering," (5) "copying images onto a CD or DVD," (6) "management of the processing of the electronic data," "quality assurance procedures," "analyzing corrupt documents and other errors," and "preparing the production of documents to opposing counsel." *Country Vintner*, 718 F.3d at 252-53.

this Court: "those costs incurred in processing its electronically stored information and converting it into non-editable production formats." (JA p. 83). Clearly, Defendants are also seeking costs for the conversion of "metadata," a separate service for which this Court has not definitively decided is encompassed in § 1920(4). *See, e.g.*, *Country Vintner*, 718 F.3d at 260 n.19.

## B. The Defendants are not entitled to costs for ESI-related expenses because both parties agreed to bear their own production costs for ESI.

The fact remains that the parties entered into a *joint* agreement on how to allocate the costs of discovery:

> The parties agree that the cost of ESI production from the reasonably accessible sources identified herein is to be borne by the producing party, subject to the right of the producing party to seek relief based on burdensomeness or disproportionality.

(JA p. 244).

This Court has not directly addressed the effect of a parties' agreement to bear their own costs for ESI. The cases cited by the district court discussed the effect of an agreement to produce ESI in a certain format, rather than addressing an agreement to allocate costs.[6] *See, e.g.*, *Country Vintner*, 718 F.3d at 261 n.20 (noting that it was not confronted with a case where the parties agreed to a specific

---

[6] As addressed above, even if this Court were to find that the Joint ESI Agreement is not a preclusion to seeking ESI-costs, Defendants have not met their burden to show which costs are taxable as "copying" costs.

16

database or format); *CBT*, 737 F.3d at 1328 (considering that parties may agree to produce ESI in a specific format or with specific characteristics).

However, a district court within this Circuit considered this issue and found persuasive an agreement with similar language to the Joint ESI Agreement. *See U.S. ex rel. Davis v. U.S. Training Ctr., Inc.*, 829 F. Supp. 2d 329 (E.D. Va. Dec. 8, 2011). In *Davis*, the joint discovery report provided that "[t]he parties have agreed to produce electronically stored information ("*ESI*") in this case *with each party bearing their own expense of production*." *Id.* at 337. The Eastern District of Virginia found this agreement so remarkable that dismissal of a request for costs was ordered despite the fact that neither party mentioned the provision in their briefs. *Id.* at 337.

Here, the parties' Joint ESI Agreement was executed over three years ago. (JA p. 237). Since that time, the Defendants could have sought to have ESI-related discovery limited or the expenses mitigated. First, unlike the quoted language in *Davis*, the parties' Joint ESI Agreement gave each party the option to have ESI-related discovery limited or curtailed because of "burdensomeness or disproportionality." (JA p. 244). Second, "[a responding] party 'may invoke the district court's discretion under [FED. R. CIV. P. 26] to grant orders protecting [it] from 'undue burden or expense.'" *Country Vintner*, 718 F.3d at 261 (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978)) (noting that the

17

presumption is on the responding party to bear the expense of responding to discovery); *see also Race Tires*, 674 F.3d at 170-71 (quoting *Oppenheimer*, 237 U.S. at 358); *CBT*, 737 F.3d at 1338 (O'Malley, J., concurring in part and dissenting in part) ("Rule 26 . . . also provides numerous possibilities to limit or manage the costs of discovery."). Similarly, Defendants could have also asked the district court to require a cost bond pursuant to District of Maryland Local Rule 103.4 prior to incurring the ESI-related costs, or at anytime before the district court's summary judgment ruling. At the outset, Defendants agreed to and were fully aware that they would incur the costs of production for ESI. Given the clear and unambiguous language in the parties' Joint ESI Agreement, the cost award should not include $28,839.65 for ESI-related costs.

## VI.    CONCLUSION

For the foregoing reasons, the decision of the United States District Court for the District of Maryland denying Plaintiffs' Motion for Review of the Clerk's Order Taxing Costs and requiring the Plaintiffs post security in the amount of $33,027.40 by March 25, 2016 should be reversed. Likewise, the Revised Order of the United States District Court for the District of Maryland to extend the time of depositing $33,027.40 to April 8, 2016 should also be reversed.

/s/ Perry M. Yancey
Rodney E. Miller
James M. Terrell
Perry M. Yancey
MCCALLUM METHVIN & TERRELL, PC
2201 Arlington Avenue South
Birmingham, AL  35205
(205) 939-0199

*Counsel for Appellants*

# ADDENDUM

## 28 U.S.C.A. § 1920. Taxation of costs

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920 (West, Westlaw through P.L. 114-143).

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**
**Certificate of Compliance with Type-Volume Limitation,**
**Typeface Requirements, and Type Style Requirements**

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

> this brief contains <u>4,380</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

> this brief has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

Dated: May 31, 2016           <u>/s/ Perry M. Yancey</u>
                              Perry M. Yancey

                              *Counsel for Appellants*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on May 31, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all the registered CM/ECF users.

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Shelly N. Gannon
Shelly N. Gannon
GIBSON MOORE APPELLATE SERVICES, LLC
P.O. Box 1460
Richmond, VA  23218